# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                                17-29-SDD-EWD

JOSHUA FINLEY

## <u>RULING</u>

This matter is before the Court on the Motion to Vacate under 28 U.S.C. § 2255[1] filed by Petitioner, Joshua Finley ("Finley").  Finley has filed a memorandum in support of his motion[2] and numerous supplemental memoranda.[3]  The Government has filed an Opposition[4] to this motion and Finley's supplemental memoranda. Finley seeks to overturn his conviction under 18 U.S.C. § 922(g)(1).  Finley also claims his conviction is invalid because he is a sovereign citizen not subject to the laws of the United States of America.  For the reasons set forth below, Finley's Motion shall be denied.

## I.    BACKGROUND FACTS & PROCEDURAL HISTORY

In 2017, Finley was charged with one count of possession of a firearm by a convicted felon.[5]  He pled guilty pursuant to a plea agreement he entered into with the Government upon the advice of his counsel; the plea agreement was ultimately accepted

---

[1] Rec. Doc. No. 53.
[2] Rec. Doc. No. 54.
[3] Rec. Doc. Nos. 60, 70, 71, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 87, 88, 111, 188, and 190.
[4] Rec. Doc. No. 116.
[5] Rec. Doc. No. 1.

by the Court at the time of sentencing.[6] In 2018, Finely was sentenced to a term of 110 months imprisonment.[7]  Finley appealed his sentence, but the United States Fifth Circuit affirmed the Court's judgment.[8]   Finley did not seek certiorari with the United States Supreme Court; thus, his conviction and sentence became final in January 2019.  Finley timely filed this Section 2255 motion in July of 2019.[9]

## II.    LAW & ANALYSIS

### A.    Section 2255

Under 28 U.S.C. § 2255, a federal inmate can file a motion to vacate, set aside, or correct their sentence if, "that sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." The Fifth Circuit has stated that, "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised in a direct appeal and would, if condoned, result in a complete miscarriage of justice." [10]

"When a § 2255 motion is filed, the district court must first conduct a preliminary review."[11] "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion."[12] If the motion raises a non-frivolous claim to relief, the court must order the

---

[6] *See* Rec. Doc. Nos. 27, 48, and 49, p. 4.
[7] Rec. Doc. No. 49, p. 13.
[8] Rec. Doc. No. 52, pp. 3-4.
[9] Rec. Doc. No. 53.
[10] *United States v. Acklen*, 47 F.3d 739, 741 (5th Cir. 1995).
[11] *United States v. Hutton*, No.16-184, 2020 WL 5517332, *2 (E.D. La. Sep. 14, 2020)
[12] Rules Governing § 2255 Proceedings, Rule 4(b).

government to file a response or to take other appropriate action.[13] After reviewing the government's response along with any other relevant materials, the court must determine whether an evidentiary hearing is warranted.[14]  An evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[15] No evidentiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations."[16]

When a defendant has exhausted his right to appeal, his conviction and sentence are presumed to be fair and final.[17] Therefore, an issue raised for the first time in a motion pursuant to 28 U.S.C. § 2255 will be considered only if the defendant shows "cause" for his failure to previously raise the issue and "actual prejudice" resulting from the alleged error.[18] Vague or conclusory allegations are insufficient to raise a claim under 28 U.S.C. § 2255.[19]

The pleadings of a *pro se* prisoner litigant are reviewed under a less stringent standard than those drafted by an attorney and are provided a liberal construction.[20] Nevertheless, a *pro se* litigant is still required to provide sufficient facts to support his claims, and "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue."[21] Accordingly, "[a]bsent evidence in the record, a court cannot

---

[13] *Id.*
[14] Rules Governing § 2255 Proceedings, Rule 8.
[15] 28 U.S.C. § 2255(b).
[16] *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).
[17] *United States v. Frady*, 456 U.S. 152,164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991)(en banc).
[18] *Frady*, 456 U.S. at 167-68; *Shaid*, 937 F.2d at 232.
[19] *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).
[20] *Haines v. Kerner*, 404 U.S. 519 (1972).
[21] *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).

consider a habeas petitioner's bald assertion on a critical issue in his *pro se* petition ... to be of probative evidentiary value."[22]

From his many handwritten pleadings, collectively not a model of clarity, the Government gleaned six claims made by Finley in support of his motion:  1) Finley argues that the Indictment charging him with being a felon in possession of a firearm is invalid under *Rehaif v. United States*, because the United States Constitution requires proof that Finley knew the firearms were in or affecting interstate commerce;[23] 2) pursuant to *United States v. Lopez*,[24] Finley claims that 18 U.S.C. § 922(g)(1) is unconstitutional under the Commerce Clause;[25]  3)  Finley claims he was not informed of the elements of his crime prior to pleading guilty;[26] 4) Finley seems to claim that he did not have the requisite knowledge to be convicted of § 922(g);[27] 5) Finley claims that constructive possession does not qualify as possession under § 922(g);[28] and 6) Finley claims he is a sovereign citizen not bound by the laws of the United States.

The Court has reviewed Finley's pleadings and agrees with the Government as to the claims being argued in Finley's numerous filings.  The Court finds that Finley's motion should be dismissed on the grounds that he knowingly and intelligently waived his right to collaterally attack his conviction and sentence.  However, the Court will also briefly address the merits of Finley's ostensible claims.

---

[22] *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).
[23] 139 S. Ct. 2191 (2019); *see* Rec. Doc. Nos. 53 and 54.
[24] 514 U.S. 549 (1995).
[25] Rec. Doc. No. 70.
[26] Rec. Doc. No. 76, p. 1.
[27] Rec. Doc. No. 81.
[28] Rec. Doc. No. 84 at 3–4.

### B.    Waiver of Collateral Attack

As a preliminary matter, Defendant waived his right to collaterally attack his conviction in his plea agreement.[29] "[A] defendant may waive his right to direct appeal and collateral attack of a conviction and sentence by means of a plea agreement, so long as the waiver is both knowing and voluntary."[30] "A defendant knowingly and voluntarily enters a waiver when the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances—even though the defendant may not know the specific detailed consequences of invoking it."[31]

"When a petition does not allege, and the record contains no indication that ratification of the plea agreement was not 'voluntary' or knowledgeable, the Court will hold the defendant to the bargain that he made-the Court need not presume that the waiver was ineffective."[32] Additionally, "when the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed, regardless of whether the court specifically admonished him concerning the waiver of appeal."[33] As the Supreme Court has stated, "[s]olemn

---

[29] Rec. Doc. No. 27, pp 9-10: "Except as otherwise provided in this section, the defendant hereby expressly waives the right to appeal his conviction and sentence, including any appeal right conferred by 28 U.S.C. 1291 and 18 U.S.C. 3742, and to challenge the conviction and sentence in any post-conviction proceeding, including a proceeding under 28 U.S.C. 2241, 28 U.S.C. 2255, or 18 U.S.C. 3582(c)(2). This waiver applies to any challenge on appeal or in any post-conviction proceeding to any aspect of the defendant's sentence, including imprisonment, fine, special assessment, restitution, forfeiture, or the length and conditions of supervised release or probation."

[30] *United States v. Potter*, No. 13-141, 2015 WL 3486446, at *1 (E.D. La. June 1, 2015) (Feldman, J.).

[31] *Id.* (citing *United States v. Ruiz*, 536 U.S. 622, 630 (2002)).

[32] *United States v. Potter*, No. 13-141, 2015 WL 3486446, *1-2 (E.D. La. June 1, 2015)(citing *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002); *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005)(citing *McKinney*, 406 F.3d at 746).

[33] *United States v. Portillo*, 18 F.3d 290, 292–93 (5th Cir.1994); *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005); *Bond*, 414 F.3d at 544.

declarations in open court carry a strong presumption of verity."[34]

Nevertheless, guilty pleas must be "voluntary," with attendant waivers having been made "'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences.'"[35] A plea is knowing and intelligent when the defendant enters it after receiving "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process."[36] In determining whether a plea is knowing and intelligent, "the critical issue is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect."[37] In *Boykin v. Alabama*,[38] the Supreme Court held that courts must hold a hearing prior to the entry of a guilty plea, and the court must elicit an affirmative showing that the decision to plead guilty was voluntarily and intelligently made.[39] Rule 11 of the Federal Rules of Criminal Procedure sets forth procedural safeguards for assuring that guilty pleas are entered voluntarily and knowingly by requiring "a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant."[40] "The very premise of the required Rule 11 colloquy is that, even if counsel is present, the defendant may not adequately understand the rights set forth in the Rule unless the judge explains them."[41]

---

[34] *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977).
[35] *United States v. Ruiz*, 536 U.S. 622, 629 (2002)(quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)).
[36] *Bousley v. United States*, 523 U.S. 614, 628 (1998).
[37] *Taylor v. Whitney*, 933 F.2d 325, 329 (5th Cir.1991).
[38] 395 U.S. 238 (1969).
[39] *Matthew v. Johnson*, 201 F.3d 353, 368 n. 22 (5th Cir. 2000).
[40] *United States v. Vonn*, 535 U.S. 55, 62 (2002).
[41] *Id*. at 78 (Stevens, J., concurring).

Determining whether a defendant understands the consequences of his guilty plea, including the waiver of his right to appeal, does not require a trial court to determine that the defendant has a perfect understanding of the consequences; the court must only ascertain whether the defendant has a realistic or reasonable understanding of his plea.[42] A court's adherence to the colloquy required by Rule 11 provides "prophylactic protection for the constitutional rights involved in the entry of a guilty plea."[43] "The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged. As long as [the defendant] understood the length of the time he might possibly receive, he was fully aware of his plea's consequences."[44]

Although Finley has not addressed or argued that the waiver in his plea agreement is invalid, he has argued that his plea was not knowingly and intelligently made on other grounds; thus, the Court will address whether Finley knowingly and intelligently waived his rights to post-conviction relief.

At Finley's re-arraignment hearing, the Court confirmed that Finley was satisfied with his counsel, had received effective assistance from his counsel, and he had no complaints about counsel.[45] The Court ensured that Finley had the intelligence to understand the proceedings and had no mental or chemical defect that would affect his ability to understanding the proceeding.[46]  Finley stated under oath that he read and understood the Indictment and had gone over it with his counsel.[47] Consistent with Rule

---

[42] *See United States v. Gracia*, 983 F.2d 625, 627–28 (5th Cir.1993) (recognizing that one of the core concerns behind Rule 11 is "a realistic understanding of the consequences of a guilty plea").
[43] *Id.* at 627.
[44] *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir.1990).
[45] Rec. Doc. No. 48, pp. 3-4.
[46] *Id.* at pp. 4-5.
[47] *Id.* at p. 5, lines 11-16.

11, the Court advised Finley of all the rights he was giving up by entering a plea.[48]  At no time during the plea colloquy did Finley advise the Court that he failed to understand something.

When the plea agreement was introduced and authenticated, Finley acknowledged his signature, and testified that he had gone over the plea agreement "in full detail with [his] counsel" before signing it.[49]  When the Court went over the waiver of appeal rights with Finley, the Court made clear that Finely was waiving appeal rights and collateral attacks with the exception of bringing an ineffective assistance of counsel claim.

> THE COURT:  BY ENTERING INTO THE PLEA AGREEMENT, SIR, THE COURT WISHES TO ADVISE YOU THAT YOU HAVE WAIVED CERTAIN APPEAL RIGHTS.
>
> YOU HAVE WAIVED THE RIGHT TO APPEAL THIS COURT'S VERDICT AND SENTENCE EXCEPT IN THE LIMITED CIRCUMSTANCE THAT, IF THE COURT WOULD GO ABOVE THE STATUTORY MAXIMUM, IN THIS CASE THE MAXIMUM IS, AS I'VE DESCRIBED TO YOU, UP TO TEN YEARS, UNLESS THE ENHANCEMENT APPLIES. IN WHICH WHICH [SIC] CASE THE MAXIMUM GOES UP TO A MINIMUM OF 15 YEARS. IF THE COURT WOULD GO ABOVE THAT STATUTORY SENTENCE, OR IF THE COURT WERE TO SENTENCE YOU ABOVE THE GUIDELINE RANGE, THEN YOU WOULD BE ABLE TO APPEAL. BUT OTHERWISE YOU ARE GIVING UP ALL OF YOUR APPEAL RIGHTS.
>
> IS THAT -- DO YOU UNDERSTAND THAT?
>
> THE DEFENDANT: YES, MA'AM.
>
> THE COURT:  AND IS THAT SOMETHING THAT YOU WISH TO DO?
>
> THE DEFENDANT: YES, MA'AM.

---

[48] *Id.* at pp. 7-9.
[49] *Id.* at pp. 9-10.

> THE COURT:   THE ONLY OTHER RIGHT THAT YOU WOULD HAVE WOULD BE TO COLLATERALLY, IT'S NOT TECHNICALLY AN APPEAL, BUT YOU COULD ATTACK THE COURT'S SENTENCE BY SAYING LATER THAT MR. FISER WAS INEFFECTIVE IN HIS REPRESENTATION OF YOU.
>
> DO YOU UNDERSTAND?

THE DEFENDANT: YES, MA'AM.[50]

The record is clear that Finley's plea was made both knowingly and voluntarily and that he fully understood the waiver of his right to appeal or other post-conviction relief. Therefore, Finley's plea agreement is enforceable, and he cannot assert any collateral challenges to his conviction except for an ineffective assistance of counsel challenge, which he has not raised in his § 2255 motion. Alternatively, Finley's claims fail on the merits.

### C.   *Rehaif v. United States*[51]

In 2019, the Supreme Court issued its opinion in *Rehaif v. United States*, which clarified the *mens rea* requirement for a conviction under 18 U.S.C. §§ 922(g) and 924(a)(2).  In *Rehaif*, the Supreme Court explained that, to convict a defendant under 18 U.S.C. §§ 922(g) and 924(a)(2), the government must prove both that the defendant knew he possessed a firearm and also that he knew of his status as a person barred from possessing a firearm when he possessed it.[52]  Before *Rehaif*, neither the Supreme Court nor the Fifth Circuit had held that the government was required to prove that a defendant

---

[50] *Id.* at p. 15, lines 7-25 through p. 16, lines 1-5.
[51] 139 S.Ct. 2191 (2019).
[52] *Id.* at 2194.

knew of his prohibited status when he possessed the firearm.[53]

### 1. Defendant's Knowledge of Interstate Commerce Element

Finley claims the Indictment charging him with being a felon in possession of a firearm is invalid under *Rehaif* because the United States Constitution requires proof that Finley knew the firearms were in or affecting interstate commerce.[54]  This claim has no merit as the Fifth Circuit expressly foreclosed this argument in *United States v. Hicks*: "Hicks states that he continues to preserve for further appellate review his arguments that (1) § 922(g) requires the government to prove that he knew the firearms were in or affecting interstate commerce …  These arguments remain foreclosed in this circuit."[55]

### 2. Constitutionality of 18 U.S.C. § 922(g)(1)

Finley also claims that 18 U.S.C. § 922(g)(1) is unconstitutional because it falls outside of Congress's power to regulate commerce under the Commerce Clause.[56] As the Fifth Circuit has held in countless cases, this claim has no merit:

> "This court has repeatedly emphasized that the constitutionality of § 922(g)(1) is not open to question." *United States v. De Leon*, 170 F.3d 494, 499 (5th Cir. 1999). In *United States v. Rawls*, 85 F.3d 240, 242 (5th Cir. 1996), we rejected a challenge to the constitutionality of § 922(g)(1), finding that neither the holding nor the reasoning in *Lopez* constitutionally invalidates § 922(g)(1). *See also United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013) (concluding that NFIB did not overrule this court's precedent as to the constitutionality of § 922(g)(1)).[57]

---

[53] *See id.* at 2210–11 (Alito, J., dissenting) ("[A]ll the courts of appeals to address the question have held that [the mens rea requirement] does not apply to the defendant's status."); *United States v. Rose*, 587 F.3d 695, 705–06, n.9 (5th Cir. 2009).

[54] *See* Rec. Doc. Nos. 53 and 54.

[55] 958 F.3d 399, 402, n. 1 (5th Cir. 2020)(citing *United States v. Dancy*, 861 F.2d 77, 81–82 (5th Cir. 1988); *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001); *United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013); *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 1222, 140 L.Ed.2d 350 (1998); *United States v. Prentice*, 956 F.3d 295, 300 (5th Cir. 2020)).

[56] Rec. Doc. No. 70.

[57] *United States v. Weaver*, 779 Fed. Appx. 275, 276 (5th Cir. 2019).

### 3.  Knowledge of Elements of Crime Prior to Guilty Plea/Prejudice

Finley claims he was not informed of the elements of his crime prior to pleading guilty.[58] The Court will interpret this claim as a challenge to the knowing and intelligent nature of Finley's guilty plea.  Applying the principles discussed above, the Court finds that both the plea agreement and Finley's testimony at his re-arraignment hearing undermine this claim.  At Finley's re-arraignment, he was sworn in, and the Court explained to him that "you have sworn to tell the truth and the court is confident that you will do so, but I do need to advise you that there is a penalty of perjury.  The Government could seek additional charges against you if you were to lie under oath; do you understand, Sir?"[59]  Finley responded, "Yes, ma'am."[60]  The Court asked Finley if he had read the Indictment, if he had gone over with his attorney, and if he had asked his attorney any questions he might have about it, to which Finley responded, "Yes, ma'am."[61]  The Court then explained that Finley had been "charged with possession of a firearm by a convicted felon" and advised Finley of the penalties and possible consequences associated with pleading guilty to this charge.[62]

When the plea agreement was introduced and authenticated, Finley acknowledged his signature, and testified that he had gone over the plea agreement "in full detail with [his] counsel" before signing it.[63]  The Court then went over several salient sections of the plea agreement with Finley, providing further explanation as to certain sections.  The Assistant United States Attorney prosecuting the matter presented the

---

[58] Rec. Doc. No. 76, p. 1.
[59] Rec. Doc. No. 48, p. 3, lines 3-7.
[60] *Id.* at line 8.
[61] *Id.* at p. 5, lines 14-16.
[62] *Id.* at p. 5, lines 17-25 through p. 7, lines 1-11.
[63] *Id.* at pp. 9-10.

factual basis in the plea agreement.  The factual basis reads:

The United States **and the defendant stipulate** to the following facts:

On or about September 29, 2016, in the Middle District of Louisiana, the defendant, having been convicted of a crime punishable by imprisonment for a term exceeding one year, a felony, knowingly did possess firearms, that is, a Glock, … and a Kimber, Eclipse Custom II … **which firearms had previously been shipped and transported in interstate commerce**.

On or about September 29, 2016, the Special Weapons and Tactics (SWAT) team of the East Baton Rouge Parish Sheriff's Office traveled to a residence located at …to execute a search warrant.  During the execution of the warrant, two members of the SWAT team **saw** the defendant throw the Glock from the window of the residence's only bathroom. Outside, near the Glock, officers found a backpack containing the Kimber.  Following the search, the **defendant admitted to law enforcement that both guns were his and that he bought them off the street.  Furthermore, the DNA profile obtained from the swab taken from the Kimber was consistent with the defendant's DNA.**

Before the defendant possessed the firearms, **they traveled in interstate commerce.**  Specifically, the Glock was transported into Louisiana from Georgia, and the Kimber was transported into Louisiana from either Oregon or New York, which is where all Kimber firearms are manufactured. Furthermore, **before the defendant possessed the firearms, he was convicted of a crime punishable by imprisonment for a term exceeding one year, that is, a felony.  Among other felony offenses, the defendant was convicted of possession of cocaine, simple robbery, and burglary.**[64]

Immediately following the Factual Basis, the plea agreement reads:

The defendant admits that, to the best of his knowledge and belief, the stipulated statement of facts is true and correct in all respects.  The United States and the defendant agree that, had this matter gone to trial, the United Sates could have proved such facts.  The United States and the defendant further agree that such facts **are sufficient to support conviction of the offense to which the defendant has agreed to plead guilty.**[65]

At Finley's re-arraignment hearing, after presentation of the Factual Basis, the

Court inquired whether Finley had any objections thereto; Finley's counsel raised one

---

[64] Rec. Doc. No. 27, pp. 5-6 (emphasis added).
[65] *Id.* at p. 6 (emphasis added).

objection, having nothing to do with Finley's acknowledgement that he possessed the firearms, admitted that he knew he was a convicted felon during such possession, and stipulated that the firearms he possessed had traveled in interstate commerce.[66]  The Court pointedly asked Finley, "were you in possession of those pistols at the time that the search warrant was executed?" to which he answered, under oath, "Yes ma'am."[67]  The Court then asked, "and you do have a prior – at least one prior felony conviction, sir?" to which Finley answered, under oath, "Yes ma'am."[68]

Based on Finley's acknowledgement that he and his attorney went over the Indictment, wherein the elements of the offense were set forth, and Finley's acknowledgement of his understanding the plea agreement and the factual basis to which he stipulated the satisfaction of the necessary elements for a 922(g)(1) conviction, Finley's claimed lack of knowledge of the charged crime is without merit.

As to Finley's ostensible claim that he lacked the knowledge that he was a previously convicted felon, the same evidence discussed above forecloses such a claim. There is also nothing in the record to support that Finley was prejudiced by any claimed lack of this knowledge.  Finley makes no argument and presents no evidence to support the notion that he would not have pled guilty had he known of *Rehaif*. Indeed, as the Government notes: "Demonstrating prejudice under *Rehaif* will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons."[69]  Moreover, previously serving time in prison is strong circumstantial evidence

---

[66] Rec. Doc. No. 48, pp. 13-14.
[67] *Id.* at p. 15, lines 1-3.
[68] *Id.* at lines 4-6.
[69] *United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020).

that Finley knew he had been convicted of a felony.[70]

### 4. Constructive Possession

Finley claims constructive possession fails to satisfy the possession requirement under 18 U.S.C. § 922(g)(1).  Not only is this statement legally incorrect,[71] it has nothing to do with the established facts of this case.  As stipulated in the factual basis set forth above, law enforcement observed Finley throw the Glock out of a window, and his DNA was found on the other gun. Finley admitted to possessing both guns. Constructive possession is irrelevant because Finley admitted that he was in actual possession of the firearms at issue.[72]

### 5. Sovereign Citizen

Most of Finley's recent filings with the Court focus on his claimed status as a sovereign citizen.[73]  Finley claims he is a sovereign unto himself and cannot be charged with federal crimes.  Finley also argues a host of other frivolous claims, including, *inter alia*, that he is not a person but an artificial entity that cannot be charged with crimes; he is not named in the Indictment because it was written in capital letters; the Organic Act of 1871 established a corporate government controlling the federal government; by way of some treaty or document, the United States is owned by England; certain documents, like his social security card, create contractual rights; and his imprisonment constitutes slavery.

Sovereign citizen arguments have been addressed on several occasions by

---

[70] *See United States v. Huntsberry*, 956 F.3d 270, 286, n. 11 (5th Cir. 2020); *Hicks*, 958 F.3d at 402.
[71] *United States v. DeLeon*, 170 F.3d 494, 496 (5th Cir. 1999)("Possession of a firearm under § 922 may be actual or constructive and may be proven by circumstantial evidence.").
[72] Rec. Doc. No. 27, pp. 5-6.
[73] Finley continues to file such pleadings even as the Court prepares this Ruling. *See* Rec. Doc. Nos. 185 – 193.

several courts, and they are routinely dismissed as frivolous:

> "So-called sovereign citizens argue that, though they are born and reside in the United States, they are their own sovereigns and are not United States citizens." *Mack*, 2017 WL 6756667, at *3-4 (citing *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011)). "They claim as grounds for this belief: the Uniform Commercial Code, maritime and admiralty law, the idea of strawman trusts, and Bible verses." *Mack*, 2017 WL 6756667, at *3 (citing *Mason v. Anderson*, 2016 WL 4398680, at *2 (S.D. Tex. Aug. 18, 2016)). And sovereign citizens often attempt to use their beliefs to, among other things, "extinguish debts." *Westfall*, 2018 WL 2422059, at *2. But sovereign citizen legal arguments and theories "are not valid in the courts of the United States" and have been overwhelmingly rejected for years as frivolous and "indisputably meritless." *Mack*, 2017 WL 6756667, at *3-4; *see Watson v. Tex. State Univ.*, 829 F. App'x 686, 686 (5th Cir. 2020) (per curiam). Further, claims "that seem to derive from the so-called 'sovereign[-]citizen movement' are legally frivolous." *Davis v. FNU LNU*, 2021 WL 3353969, at *7 (N.D. Tex. July 13, 2021) (Horan, J.) (internal quotations omitted) (quoting *Westfall v. Davis*, 2018 WL 2422058, at *2 (N.D. Tex. May 4, 2018) (noting that "[s]overeign-citizen legal arguments ... are indisputably meritless")); *Hughes v. Shannon*, 2021 WL 1093110, at *5 (N.D. Tex. Mar. 2, 2021) (Rutherford, J.); *see United States v. Weast*, 811 F.3d 743, 746, 746 n.5 (5th Cir. 2016).
>
> "It is common for sovereign citizens to utilize particular frivolous theories." *Mack*, 2017 WL 6756667, at *3. However, "these citizens cannot claim to be sovereigns independent of governmental authority while they simultaneously ask the judicial system to grant them recourse." *Id*. (citing *Mason*, 2016 WL 4398680, at *2). Consequently, courts routinely dismiss sovereign citizen claims—like those found in Brown's Petition and Affidavit—as frivolous and without merit. *Davis*, 2021 WL 3353969, at *7; Westfall, 2018 WL 2422059, at *2; *see Berman v. Stephens*, 2015 WL 3622694, at *2 (N.D. Tex. June 10, 2015) (collecting cases). Accordingly, the Court should dismiss Brown's claims as meritless and frivolous.[74]

Therefore, any claims asserted by Finley grounded in the theory that he is a sovereign citizen are dismissed with prejudice as frivolous.

Finely is hereby warned that the continued filing of pleadings raising sovereign citizen arguments or other manifestly frivolous claims could subject him to the imposition

---

[74] *Brown v. Exeter Finance LLC*, No. 3:21-cv-00169-M-BT, 2021 WL 4342336, *5 (N.D. Tex,, Aug. 27, 2021).

of sanctions, monetary or otherwise.

## III.    CONCLUSION

For the reasons set forth above, Finley's Motion to Vacate under 28 U.S.C. § 2255

is DENIED. The pending Motions to Compel[75] are also DENIED as frivolous.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this _26th_ day of August, 2022.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[75] Rec. Doc. Nos. 175 & 184.