**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**     **CRIMINAL ACTION NO.**

**VERSUS**     **17-29-SDD-EWD**

**JOSHUA FINLEY**

## RULING

Before the Court are two Motions filed by Defendant Joshua Finley ("Finley") that effectively seek to reduce or eliminate his sentence.[1] The Government filed an opposition to the first Motion,[2] but no opposition is needed with respect to the second Motion because it is patently frivolous as already noted by the Court.[3] Both Motions will be denied.

### I. Finley's First Motion is Untimely & Procedurally Barred

Although much of Finley's Motion to Correct Sentence advances frivolous arguments, he does argue that his sentence was calculated in error because he should not have received a four-point sentence enhancement under U.S.S.G. § 2K2.1(b)(6)(B).[4] Though this argument is not patently frivolous, it still fails. First, the Motion is untimely under § 2255(f), which provides a one-year period of limitation for § 2255 motions, which runs from, in this case, the date on which the judgment of conviction became final.[5]

---

[1] R. Docs. 194 & 199.
[2] R. Doc. 198.
[3] R. Docs. 199 & 207.
[4] R. Doc. 194, pp. 1-2.
[5] 28 U.S.C. § 2255(f) provides as follows:
    A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
    **(1)** the date on which the judgment of conviction becomes final;
    **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

Judgment was rendered in this case on January 4, 2018.[6] Finley thereafter filed a Notice of Appeal, and his appeal was dismissed as frivolous, with the judgment of the United States Court of Appeals for the Fifth Circuit being issued on October 4, 2018. Finley then had until January 2, 2019 to file a writ of certiorari with the United States Supreme Court,[7] but because Finley did not seek further review with the United States Supreme Court, the judgment became final on January 2, 2019.[8] Accordingly, Finley had until January 2, 2020 to file post-conviction motions.[9] Finley did not file the instant Motion until August 11, 2022.[10] Thus, it is untimely, unless it relates back to the filing of Finley's previous § 2255 Motion; this Court finds it does not. As noted by the Government, the operative facts of the instant Motion did not underlie Finley's previously filed § 2255 Motion, so the Motion does not relate back.[11] Finley has also not agued, nor does it appear, equitable tolling applies. Even if the Motion is timely, as previously noted by this Court, the claims are procedurally barred because Finley waived his right to collaterally attack his conviction and sentence.[12]

---

      **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
The only applicable section in this case is (1) the date on which the judgment of conviction becomes final.
[6] R. Doc. 38.
[7] R. Doc. 52, p. 3. *See Rules of the Supreme Court*, Rule 13 ("A petition for a writ of certiorari…is timely when it is filed within 90 days after entry of the judgment…. The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice).")
[8] *Clay v. U.S.*, 537 U.S. 522, 527 (2003).
[9] *See id.*
[10] R. Doc. 194.
[11] R. Docs. 53 & 194. *See United States v. Alaniz*, 5 F.4th 632, 636 (5th Cir. 2021) ("only claims 'tied to a common core of operative facts' avoid the limitations bar.").
[12] R. Doc. 195.

In 2017, Finley was charged with one count of possession of a firearm by a convicted felon.[13] He plead guilty pursuant to a plea agreement he entered into with the Government upon the advice of his counsel; the plea agreement was ultimately accepted by the Court at the time of sentencing.[14] As part of the plea agreement, Finley waived his right to collaterally attack his conviction and sentence.[15] Such a waiver is permissible, as long as the waiver is both knowing and voluntary.[16] This Court has already squarely addressed this issue and found that "Finley's plea was made both knowingly and voluntarily and that he fully understood the waiver of his right to appeal or other post-conviction relief."[17] Accordingly, Finley's collateral attack to his sentence is barred.

## II. Finley's Second Motion is Patently Frivolous

The Court has already found that Finley's "Motion to Challenge Jurisdiction," which attempts to argue that this Court has no jurisdiction over the land and is a "court of the sea" and that Finley is a sovereign citizen, is patently frivolous.[18] This Court properly exercised jurisdiction over Finley's offenses pursuant to 18 U.S.C. § 3231, which provides that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Finley was clearly charged with and plead guilty to "offenses against the laws of the United States." No further judicial resources will be wasted on patently frivolous arguments advanced by Finley, and the Court will not further entertain Finley's egregious abuse of the court

---

[13] R. Doc. 1.
[14] R. Docs. 27, 48, & 49, p. 4.
[15] R. Doc. 48, pp. 15-16.
[16] *See Guerro v. U.S.*, No. 17-cr-391, 2021 WL 1146006, at *2 (W.D. Tex. March 24, 2021) (citing *U.S. v. Bond*, F.3d 542, 544 (5th Cir. 2005); *U.S. v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005); *U.S. v. Portillo*, 18 F.3d 290, 292 (5th Cir. 2004)).
[17] R. Doc. 195, p. 9.
[18] R. Docs. 199, p. 3; 207.

system. This constitutes Finley's final warning that the filing of pleadings raising sovereign citizen arguments or other manifestly frivolous claims could subject him to the imposition of sanctions, monetary or otherwise.[19] Accordingly,

**IT IS ORDERED** that the Motion to Correct Sentence[20] and Motion to Challenge Jurisdiction[21] are **DENIED.**

Signed in Baton Rouge, Louisiana, on this __13th__ day of December, 2023.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[19] R. Doc. 195, p. 15.
[20] R. Doc. 194.
[21] R. Doc. 199.